[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 00-1573

DAVID MICHAUD,

Plaintiff, Appellant,

v.

N. WILLIAM DELKNER; SUSAN G. MORRELL; PETER K. ODOM;
TINA NADEAU; LINCOLN SOLDATI; RICHARD GIGUERE; MARC DELLNER,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell and Bownes, Senior Circuit Judges.

---

David Michaud on brief pro se.
Donald E. Gardner and Devine, Millimet & Branch on brief for appellees Marc Dellner and Richard Giguere.
Robert L. Hermann, Jr. and McNeill & Taylor, P.A. on brief for appellees Susan G. Morrell, Peter K. Odom, and Lincoln Soldati.

**Per Curiam**. Pro se appellant David Michaud appeals from the dismissal of his claim that defendants engaged in acts constituting obstruction of justice under 18 U.S.C. § 1503, thereby violating the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. In a report and recommendation dated March 8, 2000, Magistrate Judge James Muirhead recommended dismissal of an initial complaint filed by appellant for failure to state a claim for relief. See 28 U.S.C. § 1915A(a) & (b) (providing for dismissal on preliminary review of prisoner complaints against government officers or employees if the complaints do not state a claim for relief). In doing so, the magistrate judge suggested that it would be futile to amend the complaint to assert a RICO claim alleged in a supplemental complaint filed by the appellant. After considering appellant's objection, District Judge Joseph DiClerico approved the recommendation and dismissed the complaint in an order dated March 27, 2000. We affirm.

On appeal, Michaud argues that he adequately alleged a RICO pattern of racketeering based on defendants'

-2-

past and ongoing obstruction of justice, but we disagree. The facts he asserted either failed to show conduct that would constitute obstruction of justice, or failed to describe conduct that would be indictable under 18 U.S.C. § 1503. See O'Malley v. New York City Transit Authority, 896 F.2d 704, 708 (2d Cir. 1990) (rejecting RICO claim predicated on obstruction of justice under 18 U.S.C. § 1503 where alleged obstruction occurred in state and not federal courts).

Affirmed.